## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MATTHEW MOORE,

     Petitioner,                     Civil No. 4:16-CV-10874
                                           HONORABLE LINDA V. PARKER

v.

THOMAS MACKIE,

     Respondent.
_____/

### OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF NOS. 1, 21, 24, 34, 51); (2) DENYING REQUEST FOR AN EVIDENTIARY HEARING; (3) DENYING CERTIFICATE OF APPEALABILITY; (4) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*; & (5) DENYING MOTION FOR A HEARING ON THE BOND MOTION (ECF NO. 42)

Petitioner Matthew Moore, presently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), as well as a *pro se* supplemental motion in support of the petition (ECF No. 21).  Petitioner's former appointed counsel, David A. Koelzer, filed a supplemental brief in support of the petition, (ECF No. 24), and Petitioner's current appointed counsel, Richard D. Korn, filed an addendum to the petition (ECF No. 34).  Petitioner was convicted by entry of his guilty plea of first-degree criminal sexual conduct under Michigan Compiled Laws § 750.520b.  Petitioner was sentenced to 20 to 40 years in prison.  After a careful

review of the record and for the reasons that follow, the Court denies the petition

for writ of habeas corpus.

## FACTUAL BACKGROUND

Petitioner pleaded guilty to one count of first-degree criminal sexual

conduct.  (ECF No. 12-3.)  In exchange for his plea, the prosecutor agreed to

dismiss a second first-degree criminal sexual conduct charge.  At the plea hearing,

Petitioner stated his name for the record.  (*Id.* at Pg. ID 167.)  In response to the

judge's questions, Petitioner indicated that he understood the terms of the plea and

sentence agreement.  (*Id*. at Pg. ID 167-68.)  The judge advised Petitioner of the

rights he would be waiving by pleading guilty.  (*Id*. at Pg. ID 167.)  The judge

informed Petitioner that any appeal from a guilty plea would be by leave and not

by right.  (*Id*. at Pg. ID 167-68.)  Petitioner acknowledged that he understood these

rights.  (*Id*.)  Petitioner indicated that no threats or other promises had been made

to induce his plea.  (*Id*. at Pg. ID 168.)  Petitioner stated he was pleading guilty

freely and willingly.  (*Id*.)  And in response to questions from defense counsel,

Petitioner admitted to engaging in sexual intercourse with a girl under the age of

thirteen.  (*Id*. at Pg. ID 169.)

Petitioner was sentenced on March 16, 2012.  (ECF No. 12-4.)  During the

sentencing hearing, Petitioner was asked by the court if he wished to say anything

on his behalf.  (*Id.* at Pg. ID 175.)  Petitioner initially said he was "resentful" for

2

what he did but then corrected himself and told the court he was remorseful for his actions. (*Id*. at Pg. ID 175-76.) The judge also acknowledged that Petitioner sent a three-page handwritten letter to the court, in which Petitioner said, "I just want to do the right thing, get help and go home." (*Id*. at Pg. ID 174, 176.) Petitioner further indicated in the letter that he had "regret[ted] being with [the victim] at a young age, but [he] thank[ed] God for [their] three handsome little guys [God] gave [them]." (*Id*. at Pg. ID 176.) The judge sentenced Petitioner to 20 to 40 years in prison. (*Id*. at Pg. ID 177.)

Petitioner filed an application for leave to appeal, which was denied by the Michigan Court of Appeals and Michigan Supreme Court. *People v. Moore,* No. 310823 (Mich. Ct. App. Oct. 25, 2012); *lv. den.* 828 N.W. 2d 376 (Mich. 2013); *reconsideration den*. 835 N.W. 2d 588 (Mich. 2013). Petitioner then filed a post-conviction motion for relief from judgment, which was denied by the trial judge. (ECF No. 12-7.) The Michigan Court of Appeals and Michigan Supreme Court denied Petitioner's request for leave to appeal. *People v. Moore,* No. 324618 (Mich. Ct. App. Dec. 29, 2014); *lv. den.* 872 N.W. 2d 449 (Mich. 2015).

On March 8, 2016, Petitioner filed a *pro se* petition for writ of habeas corpus. (ECF No. 1.) Respondent filed an answer, (ECF No. 11), and Petitioner filed a *pro se* reply, (ECF No. 14). On October 11, 2016, Petitioner filed a motion for the appointment of counsel (ECF No. 13), which was granted (ECF No. 15).

3

During the same week in May of 2018, David Koezler filed a supplemental brief in

support of the petition (ECF No. 23), and Petitioner filed a *pro se* supplemental

motion in support of the petition (ECF No. 21).  In addition, at that time, Petitioner

filed a motion requesting the discharge of counsel (ECF No. 22), and Mr. Koezler

filed a motion to withdraw as counsel (ECF No. 25).  On July 6, 2018, the Court

granted Mr. Koezler's motion and appointed new counsel.  (ECF No. 26.)  On

February 3, 2020, that new counsel, Richard D. Korn, filed an addendum to the

petition for writ of habeas corpus.  (ECF No. 34.)  Mr. Korn has also requested an

evidentiary hearing.  (*Id.*)  Petitioner also filed a motion for bond (ECF No. 30)

and the Court held a hearing regarding this motion on November 23, 2020.

Following the hearing, the parties submitted supplemental briefing.  (ECF Nos. 50,

51.)

The two attorneys' briefs were filed as supplements to the pleadings filed

*pro se* by Petitioner.  The Court will review all of these pleadings in adjudicating

Petitioner's claims.  For clarity and to avoid repetition, the Court summarizes the

claims as they appear to be raised by Petitioner and his two attorneys:  (1)

Petitioner was not mentally competent to plead guilty or be sentenced and trial

counsel was ineffective for failing to object to Petitioner's mental incompetency;

(2) Petitioner's mental incompetency prevented him from being able to allocute at

sentencing; (3) Petitioner's trial counsel at the child neglect hearing in juvenile

court was ineffective for advising Petitioner to take a DNA test, since this eventually proved that Petitioner was the father of the victim's two surviving children; (4) Petitioner did not knowingly consent to the DNA test, thus, the DNA was taken in violation of his Fourth Amendment rights; (5) that perjury occurred during the preliminary examination; (6) that a police officer coerced Petitioner into confessing; and (7) that trial counsel was ineffective for failing to move to suppress the DNA test and the confession, as well as for failing to challenge some of the evidence presented at the preliminary examination.

## STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme

5

Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### CLAIM # 1:  MENTAL INCOMPETENCY RE: PLEA & SENTENCING

Petitioner argues that his "psychiatric/mental health history" rendered him mentally incompetent to plead guilty or to be sentenced.  (ECF Nos. 12-8 at Pg. ID 349; 24 at Pg. ID 885; 1 at Pg. ID 3-8.)

"A defendant may not be put to trial unless he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him."  *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).  The competency standard for standing trial is the same

6

as the competency standard for pleading guilty, *Godinez v. Moran*, 509 U.S. 389, 398 (1993), and the Sixth Circuit has applied the same standard in evaluating a defendant's competency to proceed to sentencing, *see United States v. Washington*, 271 F. App'x. 485, 490 (6th Cir. 2008)). Petitioner appears to "raise issues of both substantive and procedural due process" relating to his mental competency claim. *Hastings v. Yukins,* 194 F. Supp. 2d 659, 670 (E.D. Mich. 2002).

### (i) Is Petitioner Entitled to Relief Due to a Procedural Due Process Violation Re: Mental Competency?

In analyzing Petitioner's procedural due process claim, the Court considers the following:

> A habeas petitioner may make a procedural competency claim by alleging that the state trial court failed to conduct a competency hearing after petitioner's mental competency was put in issue. However, to succeed on the procedural claim, a habeas petitioner must establish that the state trial judge ignored facts which raised a "*bona fide* doubt" regarding petitioner's competency to stand trial. *Walker v. Attorney General for the State of Oklahoma*, 167 F. 3d 1339, 1343 (10th Cir. 1999) (internal citations omitted) (emphasis added); *Hastings*, 194 F. Supp. 2d at 670. Evidence of a defendant's irrational behavior, his or her demeanor at trial or at another court proceeding, and any prior medical opinions on competence to stand trial are all relevant in determining whether further inquiry by a trial court on a defendant's mental state is required. *Drope v. Missouri*, 420 U.S. 162, 180 (1975). . . . There must be some manifestation or conduct on a habeas petitioner's part "to trigger a reasonable doubt as to his or her competency." *Hastings v. Yukins*, 194 F. Supp. 2d at 671. A trial judge is allowed to rely on his or her own observations of the defendant's comportment or demeanor to determine whether that defendant is competent to stand trial. *Id*. (citing to *Bryson v. Ward*, 187 F. 3d 1193, 1201 (10th Cir. 1999)). A full competency hearing is necessary only when a court has a reason to doubt a defendant's competency to stand

7

> trial or to plead guilty. *Godinez v. Moran*, 509 U.S. at 401, n.13. . . . A state court's factual determination regarding a defendant's competency to plead guilty is also entitled to the presumption of correctness in habeas corpus proceedings. *Hastings v. Yukins*, 194 F. Supp. 2d at 670. Petitioner has the burden of rebutting the presumption of correctness of the state court's determination of his or her competency by clear and convincing evidence. *Doughty v. Grayson*, 397 F. Supp. 2d 867, 876 (E.D. Mich. 2005).

*Davis v. Brewer*, No. 17-CV-13955, 2018 WL 4333957, at *3-4 (E.D. Mich. Sept. 11, 2018).

Petitioner's procedural competency claim fails because the record does not suggest that anything in Petitioner's conduct or communications with the state court should have raised a *bona fide* doubt about his competence to plead guilty or to be sentenced. In addition, Petitioner has not shown that the judge's belief that Petitioner was competent to plead guilty or be sentenced was an unreasonable determination of the facts. *See Davis*, 2018 WL 4333957, at *4 (citing *Franklin v. Bradshaw*, 695 F.3d 439, 449 (6th Cir. 2012)).

*(ii) Is Petitioner Entitled to Relief Due to a Substantive Due Process Violation Re: Mental Competency?*

In analyzing Petitioner's substantive due process claim, the Court considers the following:

> A habeas petitioner can [] raise a substantive competency claim by alleging that he or she was tried and convicted while mentally incompetent. However, a habeas petitioner raising a substantive claim of incompetency is not entitled to a presumption of incompetency and must demonstrate her incompetency by a preponderance of the evidence. *Walker v. Attorney General for the State of Oklahoma*, 167

8

F. 3d at 1344; *Hastings v. Yukins*, 194 F. Supp. 2d at 671.  To obtain habeas relief on a substantive incompetence claim, a habeas petitioner must present evidence which is sufficient "to positively, unequivocally, and clearly generate a real, substantial and legitimate doubt as to his mental capacity" to stand trial.  *Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (internal quotations omitted).  A habeas petitioner is entitled to an evidentiary hearing on the issue of his or her competency to stand trial "if he presents sufficient facts to create a real and substantial doubt as to his competency, even if those facts were not presented to the trial court."  *Id*.  However, "[a]lthough retrospective determinations of competency are not prohibited, they are disfavored, and the Court will give considerable weight to the lack of contemporaneous evidence of petitioner's incompetence."  *Thirkield*, 199 F. Supp. 2d at 653.

*Davis*, 2018 WL 4333957, at *4.

In support of his claim that he was incompetent to plead guilty or be sentenced, Petitioner points out that his presentence investigation report notes that he has a "[p]sychiatric [h]istory" (ECF No. 1 at Pg. ID 2-3, 24), which includes treatment for depression and anxiety (ECF No. 12-8 at Pg. ID 349).  This argument fails, however, because "[n]either low intelligence, mental deficiency, nor the fact that a defendant has been treated with anti-psychotic drugs automatically equates to incompetence."  *Davis*, 2018 WL 4333957, at *5 (citing *Burket v. Angelone*, 208 F. 3d 172, 192 (4th Cir. 2000) and *Hastings*, 194 F. Supp. at 671-72); *see United States v. Davis*, 93 F.3d 1286, 1290 (6th Cir. 1996) (explaining that mental illness in and of itself does not equate with the incompetency to stand trial)*; see also Mackey v. Dutton*, 217 F.3d 399, 410-14 (6th Cir. 2000) (upholding determination that habeas petitioner was competent despite an earlier diagnosis of schizophrenia

and an affidavit from the defendant's lawyer stating that his client "exhibit[ed] great difficulty in communicating and assisting with his defense"); *Otte v. Houk*, 654 F.3d 594, 600-01 (6th Cir. 2011); *Nowak v. Yukins*, 46 F. App'x. 257, 259 (6th Cir. 2002) (explaining that depression in and of itself also does not establish a criminal defendant's mental incompetency).

Indeed, Petitioner has presented no evidence that he was unable to understand the proceedings against him or assist his attorney at the plea hearing. At that time, Petitioner demonstrated that (i) he understood the plea agreement; (ii) he understood the rights he was giving up; (iii) no one made threats or promises to induce him to plead guilty; and (iv) he was pleading guilty by his own free will and only because he was guilty. (ECF No. 12-3 at Pg. ID 167-68.) Petitioner then set forth a factual basis for his guilty plea, clearly and lucidly answering questions in an appropriate manner. (*Id.* at Pg. ID 169.) Petitioner is not entitled to habeas relief on this claim because nothing in the record indicates that Petitioner did not understand, was unable to participate in, or was confused by the proceedings. *See United States v. Calvin,* 20 F. App'x. 452, 453 (6th Cir. 2001); *Hastings*, 194 F. Supp. 2d at 672.

Petitioner has also failed to present any evidence that he was mentally incompetent at the time of sentencing. Petitioner responded appropriately to the judge's question about whether he wanted to make any comments to the court.

10

Petitioner informed the judge that he regretted his actions and acknowledged a three-page letter he wrote to express remorse and seek help. (ECF No. 14 at Pg. ID 769.) Plaintiff also affirmed that he understood the sentencing agreement. (*Id.* at Pg. Id 771.) Because there is simply nothing on the record to raise doubt as to Petitioner's competency to plead guilty or proceed to sentencing, Petitioner is not entitled to relief on his first claim. *See United States v. Harrison*, 146 F. App'x. 821, 823 (6th Cir. 2005).

Petitioner also argues that trial counsel was ineffective for failing to request a competency hearing before allowing him to plead guilty. To prevail on this claim, Petitioner must show that the state court's conclusion regarding this claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. 466 U.S. at 687.

"A defendant is not prejudiced by counsel's failure to seek a competency examination, absent an actual basis to support a claim of incompetency at the time of the proceeding." *Bair v. Phillips*, 106 F. Supp. 2d 934, 941 (E.D. Mich. 2000) (citations omitted). Here, as in *Nemzek v. Jamrog*, "[a] reasonable judge, situated as was the trial judge, would not have experienced doubt of [Petitioner's]

11

competency" and "[t]here is not a reasonable probability that the result of the proceedings would have been different had counsel requested a competency hearing."  93 F. App'x. 765, 767 (6th Cir. 2004).  Petitioner, therefore, has failed to establish that trial counsel was ineffective for failing to seek a competency hearing.

## CLAIM #2: MENTAL INCOMPETENCY RE: ALLOCUTION

Petitioner argues that his mental incompetency prevented him from being able to allocute at sentencing.  (ECF Nos. 1 at Pg. ID 3-8; 12-8 at Pg. ID 349.)  However, "[t]here is no constitutional right to allocution."  *Davis*, 2018 WL 4333957, at *5 (citing *Pasquarille v. United States*, 130 F. 3d 1220, 1223 (6th Cir. 1997)).  "Therefore, a trial court's failure to afford a defendant the right to allocution raises neither a jurisdictional nor constitutional error cognizable on habeas review."  *Id.* (citing *Scrivner v. Tansy*, 68 F. 3d 1234, 1240 (10th Cir. 1995) and *Cooey v. Coyle,* 289 F. 3d 882, 912 (6th Cir. 2002) (declining to issue certificate of appealability on denial of allocution claim).  Moreover, as discussed above, the record shows that Petitioner successfully allocuted at sentencing.  (*See* ECF No. 12-4.)

Accordingly, Petitioner is not entitled to relief as to his second claim.

## CLAIMS # 3-7

Federal habeas relief is precluded on claims which have not been presented to the state courts in accordance with the state's procedural rules.  *Wainwright v.*

*Syke*s, 433 U.S. 72, 85-87 (1977).  The Sixth Circuit has adopted a four-part test to

determine whether a claim has been procedurally defaulted:

> (1) the court must determine that there is a state procedural
> rule with which the petitioner failed to comply; (2) the
> court must determine whether the state courts actually
> enforced the state procedural sanction; (3) the state
> procedural rule must have been an adequate and
> independent state procedural ground upon which the state
> could rely to foreclose review of a federal constitutional
> claim; and (4) if the court has determined that a state
> procedural rule was not complied with and that the rule
> was an adequate and independent state ground, then the
> petitioner must demonstrate that there was cause for his
> failure to follow the rule and that actual prejudice resulted
> from the alleged constitutional error.

*Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

The Supreme Court has noted that "a procedural default does not bar

consideration of a federal claim on either direct or habeas review unless the last

state court rendering a judgment in the case 'clearly and expressly' states that its

judgment rests on the procedural bar."  *Harris v. Reed*, 489 U.S. 255, 263 (1989).

If the last state court judgment contains no reasoning, but simply affirms the

conviction in a standard order, the federal habeas court must look to the last

reasoned state court judgment rejecting the federal claim and apply a presumption

that later unexplained orders upholding the judgment or rejecting the same claim

rested upon the same ground.  *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

13

The Michigan Supreme Court rejected Petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  (ECF No. 12-11 at Pg. ID 526.)  This order, however, did not refer to subsection (D)(3) nor did it mention Petitioner's failure to raise his remaining claims on direct appeal.  (*Id.*)  Because the Michigan Supreme Court's citation to Rule 6.508(D) is ambiguous as to whether it refers to procedural default or a denial of post-conviction relief on the merits, the order is unexplained.  *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).  This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of Petitioner's claims.  *Id.*

The Michigan Court of Appeals denied Petitioner's post-conviction appeal holding that "[t]he defendant alleges grounds for relief that could have been raised previously and he has failed to establish good cause for failing to previously raise the issues, and had not established that good cause should be waived.  MCR 6.508(D)(3)(a)."  (ECF No. 12-10 at Pg. ID 460.)  Because the record shows that the Michigan Court of Appeals denied Petitioner's post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), these remaining claims are procedurally defaulted.  *See Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007).

14

Petitioner does not establish cause to excuse this procedural default.  As to Claim 4, Petitioner argues that the DNA tests were obtained without his consent and, as to Claim 7, the criminal complaint signed by the prosecutor did not list the complainant or victim.  (ECF No. 14 at Pg. ID 742.)  Petitioner argues that these "relevant facts" were not provided to him until after his direct appeal.  (*Id.*) Notably, however, "federal law generally limits action taken based on newly discovered evidence to situations where the evidence could not have been discovered sooner through due diligence."  *Hodge v. Haeberlin*, 579 F.3d 627, 637 (6th Cir. 2009).  Here, the criminal complaint was available to Petitioner before the direct appeal because it was a part of the record, therefore it is not newly discovered evidence.  And the fact that the DNA tests were obtained without his consent does not constitute newly discovered evidence either.  As Petitioner points out, the DNA tests were court-ordered, which means Petitioner was aware that the DNA test would be undertaken without his consent when authorities collected a sample from him.

In one of his several supplemental briefs, Petitioner argues that he was denied effective assistance of appellate counsel, who neglected to raise Claims 3 through 7 on direct appeal.  (ECF No. 45 at Pg. ID 1193.)  When a petitioner claims ineffective assistance of appellate counsel as cause for a procedural default, as Petitioner does here, the allegation of ineffectiveness is a separate claim which

15

must itself be exhausted in state court according to the normal procedures.

*Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Murray v. Carrier*, 477 U.S. 478, 489 (1986) ("The exhaustion doctrine . . . generally requires that a claim of ineffective assistance of counsel be presented to state courts before it may be used to establish cause for a procedural default.").  According to *Edwards*, the failure to exhaust an ineffective assistance of appellate counsel claim will itself constitute a procedural default of the cause argument and prevents a federal court from hearing it.  529 U.S. at 452.

Petitioner argues that he properly raised the claim at all stages of the state court proceedings, including in his Motion for Relief from Judgment filed with the trial court as evidenced by the following excerpt:

> These facts also substantiate[] how tremendously ineffective counsel was during all proceedings.  Counsel did not investigate as to how Department of Human Services optained [*sic*] the [D]efendant[']s DNA results [*sic*] nor they're job to inquire into further investigation regarding [D]efendant[']s mental health.

(ECF No. 51 at Pg. ID 1348 (citing ECF No. 12-5 at Pg. ID 185).)  Petitioner contends that "[a]ll proceedings, in light of the natural meaning of the word, would apply to the appellate proceedings as well as the proceedings at the trial court level and those in juvenile court."  (*Id.*)  The Court is not persuaded.

Even if liberally construed, Petitioner's statement that "the[] facts also substantiate[] how tremendously ineffective counsel was during all proceedings"

16

does not state an ineffective assistance of appellate counsel claim.  The motion (i)

does not cite federal cases analyzing an ineffective appellate counsel claim; (ii)

does not cite to state cases employing such a constitutional analysis; (iii) does not

assert the claim in terms sufficiently particular as to allege a denial of the

constitutional right to effective appellate counsel; and (iv) does not allege a pattern

of facts supporting an ineffective appellate counsel claim.[1]  *Williams v. Anderson*,

460 F.3d 789, 806 (6th Cir. 2006) (quoting *Newton v. Million*, 349 F.3d 873, 877

(6th Cir. 2003), *abrogated on other grounds by English v. Berghuis*, 529 Fed.

App'x 734 (6th Cir. 2013)) (describing four things a petitioner can incorporate into

his brief "which are significant to the determination as to whether a claim has been

fairly presented").  Petitioner argues:

> "[His] intent to raise the issue of ineffective assistance of
> appellate counsel . . . is clearly evidenced by the fact that
> in his Delayed Application for Leave to Appeal filed with
> the Michigan Court of Appeals in connection with the
> [trial court's] denial of his Motion for Relief from
> Judgment, specifically states that the lead argument is:
> 'TRIAL   COUNSEL   PROVIDED   INEFFECTIVE
> ASSISTANCE AT Plea and 1st Appeal.'"

(ECF No. 51 at Pg. ID 1348.)  But "ordinarily a state prisoner does not 'fairly

present' a claim to a state court if that court must read beyond a petition or a brief

---

[1] In fact, a review of the Motion for Relief from Judgment Petitioner filed with the
trial court reveals that the motion contains complaints about Petitioner's trial, plea,
and juvenile court counsel—it does not include a single complaint about his
appellate counsel.

. . . that does not alert it to the presence of a federal claim in order to find material that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Indeed, because Petitioner failed to raise the issue of whether appellate counsel was ineffective in his Motion for Relief from Judgment filed with the trial court, Petitioner has not properly exhausted the claim and therefore he cannot use it to demonstrate cause to excuse his procedural default as to Claims 3 through 7. And because Petitioner fails to establish sufficient cause to excuse his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. at 533; *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Finally, and more importantly, Petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 479-80. To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with *new* reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). In addition, "[t]o show actual innocence in a guilty plea context, a petitioner must show not only that he is innocent of the charge he seeks to attack, he also must show that he is actually innocent of the other charges the

government chose to forego during the plea bargaining process." *Howard v. U.S. Dep't of Justice*, 3 F. App'x. 269, 270 (6th Cir. 2001) (citing *Bousley*, 523 U.S. at 624 and *Luster v. United States*, 168 F.3d 913, 915 (6th Cir. 1999)).

Petitioner failed to show that he was innocent of either the charge to which he pled guilty or to the dismissed first-degree criminal sexual conduct charge. Claims 3 through 7 are thus barred by procedural default and do not warrant habeas relief.

## OTHER MATTERS

Petitioner requests an evidentiary hearing. (ECF Nos. 24, 34.) However, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001). Because Petitioner's claims are without merit, his motion for an evidentiary hearing is denied.

Petitioner requests a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district

court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254. Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. In addition, Petitioner may not proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Petitioner requests that this habeas petition be held in abeyance, or dismissed without prejudice, to afford him an opportunity to raise the issue of ineffective assistance of appellate counsel in state court, "notwithstanding the difficulties that

will be encountered in filing a successive Motion for Relief from Judgment."

(ECF No. 51 at Pg. ID 1349.)  Petitioner previously filed a motion for relief from

judgment.  Pursuant to MC.R. 6.502(G)(1), a criminal defendant in Michigan can

typically file only one motion for relief from judgment with regard to a criminal

conviction.  *See Banks v. Jackson*, 149 Fed. Appx. 414, 418 (6th Cir. 2005)

(citation omitted).  However, MC.R. 6.502(G)(2) states that a defendant may file a

second or subsequent motion based on a retroactive change in law that occurred

after the first motion for relief from judgment or a claim of new evidence that was

not discovered before the first such motion.  *Banks*, 149 Fed. Appx. at 418.  The

Sixth Circuit has explained that courts should exercise caution in finding that a

state procedural rule bars a petitioner from presenting his ineffective assistance

claim in Michigan courts because Michigan courts have not had the opportunity to

pass on this question for themselves.  *Id.*  Thus, "[w]here a state procedural rule, if

applicable, would cause a petitioner to default an otherwise unexhausted claim, the

habeas court should find procedural default only 'if it is *clear* that [the] claims are

now procedurally barred under [state] law.'"  *Id.* (emphasis in original) (quoting

*Gray v. Netherland*, 518 U.S. 152, 161-162 (1996)).

Here, Petitioner does not allege in his briefs that his ineffective assistance of

appellate counsel claim is based on newly discovered evidence or that a successive

motion for relief from judgment would be based on a retroactive change in the

law.[2] (*See generally* ECF No. 51.) Accordingly, there appears to be no likelihood that the state courts will permit Petitioner to file a successive post-conviction motion for relief from judgment pursuant to any exception contained in M.C.R. 6.502(G)(2), a procedural bar to Petitioner filing such a successive motion is applicable and, therefore, the Court denies Petitioner's request to hold his habeas petition in abeyance. *See Banks*, 149 Fed. Appx. at 419-20. The Court denies Petitioner's request for a dismissal without prejudice for the same reason.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's petition for writ of habeas corpus (ECF Nos. 1, 21, 24, 34, 51) is **DENIED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Petitioner's request for an evidentiary hearing (ECF No. 46) is **DENIED**;

---

[2] In fact, the habeas record suggests that Petitioner was aware—before he filed his Motion for Relief from Judgment with the trial court—that appellate counsel did not include Claims 3 through 7 in the brief filed on direct appeal to the Michigan Court of Appeals. (ECF No. 12-9 at Pg. ID 388-93); *see Banks*, 149 Fed. Appx. At 420 (suggesting that "a procedural bar is [] clearly applicable" where "the petitioner *concedes* that he was aware of the facts supporting his claim before the conclusion of state review" or "the record on habeas review clearly shows that the petitioner was aware of the factual predicate for his claim all along" (emphasis in original)).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**;

**IT IS FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**;

**IT IS FURTHER ORDERED** that, in light of the Court's November 23, 2020 hearing, Petitioner's Motion for a Hearing on the Bond Motion (ECF No. 42) is **DENIED** as moot.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 8, 2021