UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW MOORE,

    Petitioner,   Civil No. 4:16-CV-10874
                                          HONORABLE LINDA V. PARKER

v.

THOMAS MACKIE,

    Respondent.
_____/

**OPINION & ORDER (1) GRANTING IN PART AND DENYING IN PART MOTION FOR RECONSIDERATION (ECF NO. 58) AND (2) DENYING AS MOOT MOTION FOR STAY AND ABEYANCE (ECF NO. 57)**

Petitioner Matthew Moore, presently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). The Court subsequently appointed counsel for Petitioner. (ECF Nos. 16, 27.) On February 22, 2021, the Court issued an Opinion & Order denying the habeas petition, declining to issue a certificate of appealability, and denying leave to appeal *in forma pauperis*. (ECF No. 55.)

The Court also denied Petitioner's request that the habeas petition be held in abeyance, or dismissed without prejudice, to afford him an opportunity to raise the issue of ineffective assistance of appellate counsel in state court. (*Id.* at Pg. ID 1379-81.) The Court explained:

> MC.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks*, 149 Fed. Appx. at 418. The Sixth Circuit has explained that courts should exercise caution in finding that a state procedural rule bars a petitioner from presenting his ineffective assistance claim in Michigan courts because Michigan courts have not had the opportunity to pass on this question for themselves. *Id*. Thus, "[w]here a state procedural rule, if applicable, would cause a petitioner to default an otherwise unexhausted claim, the habeas court should find procedural default only 'if it is *clear* that [the] claims are now procedurally barred under [state] law.'" Id. (emphasis in original) (quoting *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)). Here, Petitioner does not allege in his briefs that his ineffective assistance of appellate counsel claim is based on newly discovered evidence or that a successive motion for relief from judgment would be based on a retroactive change in the law. (*See generally* ECF No. 51.) Accordingly, there appears to be no likelihood that the state courts will permit Petitioner to file a successive post-conviction motion for relief from judgment pursuant to any exception contained in M.C.R. 6.502(G)(2), a procedural bar to Petitioner filing such a successive motion is applicable and, therefore, the Court denies Petitioner's request to hold his habeas petition in abeyance. *See Banks*, 149 Fed. Appx. at 419-20. The Court denies Petitioner's request for a dismissal without prejudice for the same reason.

(*Id.*)

Presently before the Court is Petitioner's Motion for Reconsideration. (ECF No. 58.) Local Rule 7.1 provides the following standard of review for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

In his Motion for Reconsideration, Petitioner requests that the Court reconsider its decision that Petitioner may not proceed *in forma pauperis* on appeal. (ECF No. 58 at Pg. ID 1393.) Petitioner points out that counsel in this case was appointed in accordance with the Criminal Justice Act, 18 U.S.C. § 3006A, *et seq*. (*Id.* at 1395 (citing ECF No. 27 at Pg. ID 893).) "As such," Petitioner argues, "the provisions of the Criminal Justice Act apply to this case and

override the provisions of 18 U.S.C. § 1915." Petitioner is correct. Because the Criminal Justice Act states that a petitioner "may" appeal "without prepayment of fees and costs or security therefor," 18 U.S.C. § 3006A(d)(7), the Court grants Petitioner's Motion for Reconsideration as it concerns proceeding on appeal *in forma pauperis*.

Petitioner also asks that the Court reconsider its decision regarding his request to hold the habeas petition in abeyance. (ECF No. 58 at Pg. ID 1396.) Petitioner argues that "[t]here is no question that Petitioner received abysmally incompetent representation." (*Id.*) So "[t]he negative impact on the federal court of holding this action in abeyance would be minimal compared to the possibility, even if small, that a state court judge might afford Petitioner the opportunity to address the cascade of ineffective assistance of counsel." (*Id.*) This argument is akin to the one that Petitioner raised in his supplemental filing during the habeas petition briefing. (ECF No. 51 at pg. ID 1349 (requesting abeyance or dismissal without prejudice "notwithstanding the difficulties that will be encountered in filing a successive Motion for Relief from Judgment").) Because courts do not grant motions for reconsideration that merely re-hash old arguments or present the same issues already ruled upon, *see Smith ex rel.*, 298 F. Supp. 2d at 637 (citing *Sault Ste. Marie*, 146 F.3d at 374); E.D. Mich. LR 7.1(h)(3), the Court will not hold the habeas petition in abeyance.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 58) is **GRANTED IN PART AND DENIED IN PART**. The Court will not hold the above-captioned case in abeyance, but Petitioner may proceed *in forma pauperis* on appeal.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Stay and Abeyance (ECF No. 57) is **DENIED AS MOOT**.

**IT SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: April 16, 2021